UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CITIMORTGAGE, INC., | : | CIVIL ACTION NO. |
| | : | 3:17-cv-01683-VAB |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| MARJORIE PARTCH | : | |
| | : | |
| Defendant. | : | OCTOBER 27, 2017 |

## OBJECTION TO DEFENDANT MARJORIE PARTCH'S MOTION FOR EXTENSION OF TIME TO FILE ANSWER/MOTION

Plaintiff CitiMortgage, Inc. ("**CMI**"), by and through its undersigned counsel, respectfully objects to *Defendant Marjorie Partch's Motion for Extension of Time to File Answer/Motion* ("***Motion***"). In particular, while CMI has no objection to providing the defendant ("**Ms. Partch**") with an additional thirty (30) days to answer the complaint, or otherwise move with respect thereto, it does object to defendant's request for a sixty (60) day extension.[1]

At the outset, the motion is grounded on a faulty legal premise. In particular, Ms. Partch asserts that she would have had a "full 60 days . . . to file her Response to [CMI's]

---

[1] CMI is, contemporaneously herewith, filing a motion for summary judgment. Nothing in this filing should be construed as consent by CMI to any request for an extension of time by Ms. Partch to respond to that motion. As and to the extent Ms. Partch moves for such an extension of time, CMI fully intends to object.

AM 67403275.1

Complaint . . . had [CMI] followed Rule 4 of the Federal Rules of Civil Procedure . . . ." In particular, Ms. Partch asserts that she was somehow entitled to be afforded the opportunity to waive service of the complaint. Of course, such is not the case and, as it was permitted to do, CMI instead effectuated personal service upon Ms. Partch in accordance with *Fed. R. Civ. P.* 4. Personal service having been made upon her, Ms. Partch has no right to insist upon the sixty (60) day period set forth in *Fed. R. Civ. P.* 4 (d) (3).[2]

Additionally, Ms. Partch contends that a further extension of time is necessary because she is currently litigating other matters in Connecticut state court including an appeal of the underlying foreclosure matter. However, and as is demonstrated by the summary judgment motion filed contemporaneously herewith, the matter *sub judice* will not require an extensive amount of time for Ms. Partch to brief or to otherwise "research . . . the intricacies of Federal Law as it relates to the Rescission" at issue in this case. Quite simply, Ms. Partch's claimed rescission is absolutely time barred, and no amount of "research" is going to change that.

---

[2] It bears noting that Ms. Partch's very first official filing in this case is demonstrative of the conduct that has exemplified her filings in the state court proceeding out of which this case arises, *viz.*, *CitiMortgage v. Dorothy Partch, et al.*, Connecticut Superior Court, Judicial District of Stamford/Norwalk at Stamford, Dkt No. FST CV13-6017689-S, namely, her unwillingness to accept the Court's prior rulings and, instead, to request, through duplicative filings, relief that has already been denied. In particular, it is to be recalled that Ms. Partch, by letter to this Court dated October 12, 2017 [ECF No. 7], asked this Court to grant her the precise relief she now again requests here. Following CMI's objection, this Court declined to do so. *See* ECF No. 9. That ruling should not be now revisited.

Finally, whatever might otherwise be said regarding *United States of America ex rel. McDonald v. Citibank, N.A., et al* – and there is much – that litigation has absolutely no bearing on the issues presented in this case. As such, Ms. Partch's "research" in connection with *McDonald* is equally irrelevant and not a proper basis for further delay.[3]

For the foregoing reasons, CMI asks that this Court deny the *Motion* to the extent it seeks more than thirty (30) days to answer the complaint or to otherwise properly move in response thereto.

PLAINTIFF,
CITIMORTGAGE, INC.


BY:   /s/ Donald E. Frechette
       Donald E. Frechette, Esq. (ct08930)
       Locke Lord LLP
       20 Church Street, 20th Floor
       Hartford, CT  01603
       Phone:  (860) 525-5065
       Fax:  (860) 527-4198
       donald.frechette@lockelord.com

*Attorney for Plaintiff CitiMortgage, Inc.*

---

[3] Indeed, delay is the name of the game here. As even a cursory review of the state court docket (with its **432** entries) will reveal, the underlying foreclosure case has been punctuated by Ms. Partch's increasingly bold and meritless filings, both before the trial court, the Connecticut Appellate Court, the Connecticut Supreme Court, and even this court (in connection with her failed attempt to remove the foreclosure proceeding literally ***years*** after it had been commenced).

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2017 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this document through the court's CM/ECF System.

                                                                           */s/ Donald E. Frechette*
                                                                            Donald E. Frechette