UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CITIMORTGAGE, INC. | : |
| | : |
| | : |
| v. | : Civil Action No. 3:17-CV-01683-VAB |
| | : |
| MARJORIE PARTCH | : APRIL 22, 2018 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## THE DEFENDANT'S FINAL MEMORANDUM IN OPPOSITION TO THE NOMINAL PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

The undersigned Property Owner—Defendant, Marjorie Partch, rests her arguments against Summary Judgment upon her January 19, 2018 Statement of Disputed Material Facts [#33] with Affidavit [#30]; Memorandum in Opposition to Plaintiff's Motion for Summary Judgment [#31]; and April 19 / 23, 2018 Reply to the Plaintiff's Opposition to the Defendant's Motion to Dismiss, in Light of Federal Issue Preclusion, and with Accompany-ing Motions to Cite in Parties [#54], and all her prior related Motions (including for Exten-sions of Time).

    This Defendant has set forth multiple Issues of Material Fact in Dispute between the Parties, ranging from:

    1)  The actual (versus the presumed, untested) Consummation of the Loan alleged to have been made in 2005; allegedly but demonstrably not actually advanced by 1st Atlantic, who functioned as a mere "broker" or conduit of some kind, and received a "Yield Spread Premium" for the favor; to the

    2)  highly questionable 2012 transfer of the alleged (and wrongfully separated) Note

and Mortgage to the Nominal Plaintiff from 1st Atlantic and Flagstar, respectively, with Flagstar's Interest allegedly arising from 1st Atlantic, which had no Interest to convey; to

    3)  CitiMortgage's December 29, 2017 Admission of Fraud Upon both Courts; to

    4)  numerous additional habitual and similar acts of Fraud, by CitiMortgage and Fannie Mae, which also has an extensive history with Flagstar Bank, as set forth in the sections of the Motion to Dismiss.

*WHEREFORE,* this Defendant seeks, with regard to this entirely new, post-Rescission / post-QWR suit brought by the Nominal Plaintiff in this Federal District Court, that the facts not be brushed aside under a second Summary Judgment without proper Discovery or full adjudication.  Again:  If 1st Atlantic's alleged transfers of the separated Note and Mortgage to Flagstar and CitiMortgage failed, 1st Atlantic is still the (ostensibly) Interested Party, unless it is admitted that it never held any Interest in the alleged transaction at all, and conveyed nothing whatever to CitiMortgage, whether directly or indirectly *via* Flagstar.  **("Nemo Dat.")**

**In conclusion,** this Defendant asserts that while it may have been in possession of some copy of a purported Promissory Note (compare that provided in **Exhibit A,** to the Plaintiff's own submission to this Court, as well as **Exhibits S** and **QQ;** none indorsed in blank *before* CitiMortgage's involvement), numerous exhibits show that CitiMortgage has never been a true *Owner* of either the Debt, or the Note or the Mortgage, as neither were Flagstar nor 1st Atlantic, ever.  The subterfuge by 1st Atlantic and Flagstar at the outset of this transaction demonstrates a lack of Offer and Acceptance, nullifying any potential contract; and the True Lender's identity was absolutely a Required Disclosure under the Truth in Lending Act, and its failure would impact 15 U.S.C. § 1635 (f).

Respectfully submitted,

          FOR THE DEFENDANT

      BY: <u>/s/ *Marjorie Partch*</u>

        Marjorie Partch, *Pro Se*

      P.O. Box 776
      Westport, CT  06881
      marjorie.partch@hotmail.com
      203.912.3528 (c)