# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CITIMORTGAGE, INC.,<br>    *Plaintiff*,<br><br>    v.<br><br>MARJORIE PARTCH,<br>    *Defendant*. | No. 3:17-cv-01683-VAB |

## RULING AND ORDER ON MOTION FOR SUMMARY JUDGMENT, MOTION TO DISMISS, AND MOTION FOR JOINDER

On October 5, 2017, CitiMortgage, Inc. ("Plaintiff") filed a Complaint for Declaratory Judgment against Marjorie Partch ("Defendant"), seeking a ruling that would invalidate a Notice of Rescission that Ms. Partch filed in the Norwalk Land Records. Compl., ECF No. 1.

On October 27, 2017, CitiMortgage filed a motion for summary judgment. Mot. Summ. J., ECF No. 12. On January 19, 2018, Ms. Partch filed a motion to dismiss. ECF No. 32. And on March 12, 2018, Ms. Parch filed a motion for joinder. ECF No. 52. On August 30, 2018, the Court held a hearing. ECF No. 66. Although the calendar entry on the Court's docket had indicated that the Court would hear arguments on the motion to dismiss, the Court also considered arguments, through the parties' submissions to the record and, as a supplement, through the parties' submissions at oral argument, on the motion for summary judgment and the motion for joinder.

For the following reasons, the motion for summary judgment is **GRANTED**. Because the Court has granted CitiMortgage's motion for summary judgment, the motion to dismiss and the motion for joinder are found as moot. Ms. Partch's claim of rescission of a certain loan made by CitiMortgage is untimely and invalid under the Truth In Lending Act. As a result, any purported

rescission on the land records of the city of Norwalk, Connecticut ('Land Records') regarding this loan is void and of no force and effect. To the extent necessary to address any confusion caused by the filing of this now null and void rescission, CitiMortgage may place the ensuing judgment on the Land Records.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

   A.   **Factual Allegations[1]**

The underlying facts here involve a Connecticut Superior Court action, *CitiMortgage, Inc. v. Partch*, No. FST-CV13-6017689-S ("State Court Action"), to foreclose on real property located at 20 Devil's Garden Road, South Norwalk, Connecticut. Pl.'s SMF ¶ 1; *see also* Compl. Ex. A, ECF No. 1-1. That case determined that Dorothy Partch, Majorie Partch's mother, executed a loan on December 2, 2005, in the principal amount of $135,000. Pl.'s SMF ¶ 2. On that same date, Dorothy Partch executed and delivered a mortgage to Mortgage Electronic Registration Systems, Inc., as Nominee for 1st Atlantic Federal Mortgage Corporation. *Id.* ¶ 3. The mortgage was dated December 2, 2005, and recorded December 7, 2005, in the Norwalk Land Records. *Id.*

The mortgage was assigned to Marjorie Partch on December 24, 2012, and the assignment was recorded on January 4, 2013. *Id.* ¶ 4.

On May 11, 2015, a judgment of foreclosure by sale was entered in the State Court Action. *Id.* ¶ 5. On June 18, 2016, a foreclosure sale of the property was conducted. *Id.* On April 3, 2017, the Superior Court confirmed the sale.[2]

---

[1] The following facts are undisputed unless indicated otherwise.

[2] Between the foreclosure sale and the confirmation of the sale, Marjorie Partch attempted to remove the case to federal court. Pl.'s SMF ¶ 5. The case was remanded. *Id.*; *see also CitiMortgage, Inc. v. Partch*, No. 3:17-cv-00671 (VLB).

On September 29, 2017, Marjorie Partch recorded a Notice of Rescission in the Land Records, which purported "to rescind the mortgage transaction that resulted in execution of the *Note* and *Mortgage* 'as per the U.S. Supreme Court's clarification in *Jesinoski v. Countrywide Home Loans, Inc.*'" *Id.* ¶ 6 (quoting Notice, Compl. Ex. B).[3]

B.  **Procedural History**

On October 5, 2017, CitiMortgage filed a Complaint in this Court, seeking "a ruling declaring that: (a) Defendant's claimed rescission of a certain loan made by [CitiMortgage] is untimely and invalid under [the Truth In Lending Act]; (b) the recordation of that purported rescission in the land records of the city of Norwalk, Connecticut ('Land records') is void and of no force and effect; and (c) CMI may record a copy of this Court's judgment establishing the foregoing in the Land Records." Compl. ¶ 7.

On October 27, 2017, CitiMortgage filed a motion for summary judgment. Mot. Summ. J., ECF No. 12. Ms. Partch filed an opposition to the summary judgment motion on January 19, 2018, and on that same day, also filed a motion to dismiss. Memo. in Opp. to Mot. Summ. J., ECF No. 31; Mot. Dismiss, ECF No. 32.

The Court granted several motions for extension of time to allow Ms. Partch to respond to the motion for summary judgment. *See* ECF Nos. 22, 26. On December 5, 2017, the Court noted that "[o]rdinarily, under the Local Rules, a party is given twenty-one days to respond to a motion for summary judgment. The Court has now permitted Ms. Partch 84 days to respond. Accordingly, no further extensions of time will be granted. If Ms. Partch fails to file a response by 1/18/2018, the Court may decide the motion without a response from her." ECF No. 26

---

[3] In its motion for summary judgment, CitiMortgage also notes that Marjorie Partch "supposedly sent" the Notice to CitiMortgage on August 18, 2017, which, CitiMortgage argues, is the earliest date that the Notice could have been given. Mot. Summ. J. at 5.

3

(modified on 12/5/2017 to correct response date to 1/18/18). Ms. Partch filed her opposition one day late, on January 19, 2018. Nevertheless, the Court considers the arguments in the opposition on the merits because Ms. Partch is a *pro se* defendant and because she did file a brief before the Court considered the summary judgment motion.

On March 12, 2018, Ms. Partch filed a motion for joinder of necessary/indispensable parties. Mot. for Joinder, ECF No. 52. On March 30, 2018, CitiMortgage opposed the motion.[4]

## II. STANDARD OF REVIEW

A court will grant a motion for summary judgment if the record shows no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Cartrett*, 477 U.S. 317, 323 (1986). The non-moving party may defeat the motion by producing sufficient specific facts to establish that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Id.* at 247-48.

Any inferences drawn from the facts must be in the light most favorable to the party opposing the summary judgment motion. *Dufort v. City of New York*, 874 F.3d 338, 343 (2d Cir. 2017). A court, however, will not draw an inference of a genuine dispute of material fact from conclusory allegations or denials, *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011),

---

[4] On July 24, 2018, Ms. Partch filed a Notice of Bankruptcy. ECF No. 59. The Court ordered supplemental briefing on whether the bankruptcy proceeding required this Court to stay this proceeding. ECF No. 61. On August 17, 2018, CitiMortgage filed a Notice that the bankruptcy case had been dismissed. ECF No. 64.

and will grant summary judgment only "if, under the governing law, there can be but one reasonable conclusion as to the verdict." *Anderson*, 477 U.S. at 250.

## III. DISCUSSION

The Truth in Lending Act, 15 U.S.C. § 1601, provides that "when a loan made in a consumer credit transaction is secured by the borrower's principal dwelling, the borrower may rescind the loan agreement if the lender fails to deliver certain forms or to disclose important terms accurately." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 411 (1998); *see also* 15 U.S.C. § 1635. That right of rescission, however, expires "three years after the loan closes or upon the sale of the secured property, whichever date is earlier." *Beach*, 523 U.S. at 411; *see also* 15 U.S.C. § 1635(f) ("[a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor . . . .").

The three-year time limit on the right of rescission is more than a statute of limitations; it "govern[s] the life of the underlying right as well." *Beach*, 523 U.S. at 417; *see also id.* ("It talks not of a suit's commencement but of a right's duration, which it addresses in terms so straightforward as to render any limitation on the time for seeking a remedy superfluous."); *id.* at 418–19 ("Since a statutory right of rescission could cloud a bank's title on foreclosure, Congress may well have chosen to circumscribe that risk . . . .").

"A loan is 'consummated' when the 'consumer becomes contractually obligated on a credit transaction." *Reinhart v. CitiMortgage, Inc.*, 677 Fed. App'x 17, 19 (2017) (quoting 12 C.F.R. § 1026.2(a)(13)); *accord Timm v. Wells Fargo Bank, N.A.*, 701 Fed. App'x 171, 173 (3d Cir. 2017) ("TILA's one-year period for seeking damages and its three-year period for rescinding

both run from the date that the transaction was consummated—i.e., the date on which the parties formed a contract.").

CitiMortgage argues that, because Dorothy Partch assigned the mortgage to Marjorie Partch on December 2, 2005, Marjorie Partch's right of rescission expired on December 2, 2008. Mot. Summ. J. at 5. CitiMortgage argues that, because Marjorie Partch did not file the Notice until, at the earliest, August 18, 2017, "[t]he *Notice*, and any rescission supposedly arising as a consequence thereof, are thus of no legal consequence." *Id.* CitiMortgage therefore argues that, "as there is no dispute of fact, and given the plain language of *TILA*, Plaintiff is entitled to judgment in its favor as a matter of law." *Id.* at 6.

Marjorie Partch responds that the loan was "allegedly but not actually consummated in 2005." Opp. to Mot. Summ. J. at 1, ECF No. 31. She also argues that both the "Note and Mortgage in question have been canceled at this time, and cannot be relied upon to establish the Plaintiff's Standing to bring suit." *Id.* Ms. Partch argues that "CitiMortgage, Inc. is not the owner of the above-referenced Mortgage in question," and instead "the Mortgage belongs to the Federal National Mortgage Association, 'Fannie Mae.'" *Id.* at 2. Ms. Partch also argues that "1st Atlantic was not the Lender, and owned no Interest to convey to CitiMortgage in 2012, even if that assignment were otherwise legitimate," and "[g]iven that there was no Consummation of the alleged transaction in 2005 . . . there was no three-day, or three-year, time limit for Rescission; and the entire Mortgage and its Foreclosure were fraudulent." *Id.* at 4.

In addition, in her statement of material facts, Ms. Partch argues that her mother "was misled to believe she was signing a **Mortgage** with a Federal Credit Union in New Jersey by the name of 1st Atlantic Mortgage Corporation," but "1st Atlantic was not the actual Lender . . . 2st Atlantic appears to have been but a broker or 'conduit' of some kind." Def.'s SMF at 3, ECF No.

6

33. Ms. Partch argues that "[b]ecause the actual Lender was not disclosed at the time that either document was signed, but 'hidden from view' under the cover of 'Mortgage Electronic Registrations Systems, Inc.' (MERS), who was acting as a nominee for the actual Broker and not the actual Lender, neither the Note nor the Mortgage can be said to have been 'executed,' in the presence of the Fraud being perpetrated on the senior Mrs. Partch, in withholding the identity of the actual lender." *Id.*

The Court agrees with CitiMortgage that the three-year time period during which Ms. Partch could have rescinded her mortgage has expired. Dorothy Partch, Marjorie Partch's predecessor in the loan, executed the loan on December 2, 2005. Pl.'s SMF ¶ 2. At that point, Dorothy Partch became "contractually obligated on a credit transaction." *See* 12 C.F.R. § 1026.2(a)(13). On December 2, 2005, the three-year time period for the obligor to file a notice of rescission under the Truth in Lending Act began to run, and ended on December 2, 2008. *See* 15 U.S.C. § 1635(f) ("[a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor . . . ."); *cf. Beach*, 532 U.S. at 415 ("The Beaches concede that any right they may have had to institute an independent proceeding for rescission under § 1635 lapsed in 1989, three years after they closed the loan with the bank . . . .").

Marjorie Partch sent a notice of rescission to CitiMortgage on August 18, 2017, and recorded it on September 29, 2017. Pl. SMF ¶ 6; Mot. Summ. J. at 5. Given that the notice of rescission was filed well outside of the three-year time period, that the notice is of no legal consequence and CitiMortgage is entitled to judgment as a matter of law. *See Beach*, 523 U.S. at

7

417 (holding that three-year time limit set forth in the Truth in Lending Act "govern[s] the life of the underlying right").

In addition, the Court agrees with CitiMortgage that it need not demonstrate that it is the owner of Ms. Partch's debt, as it has already done so in the State Court Action. *See* Opp. to Mot. Dismiss at 5, ECF No. 46; *see also Esquire Trade & Finance, Inc. v. CBQ, Inc.*, 562 F.3d 516, 520 (2d Cir. 2009) ("The doctrine of *res judicata* 'bars later litigation if an earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same priorities or their privies, and (4) involving the same cause of action.'") (quoting *EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 624 (2d Cir. 2007)). While Ms. Partch has argued that the state court did not address these issues of title, the plain language of that court's decision suggests otherwise.

Indeed, that decision considered Ms. Partch's arguments:

> . . . that the assignment from MERS is missing essential/required language relating to successors and assignees (and that defect tainted further assignments, including to Fannie Mae); based on the existence of a subordination agreement, Flagstar Bank has an interest that should have required it to be made a party, and its absence precludes foreclosure; there is inadequate documentation concerning payment/extinguishment of an obligation involving First constitution Bank such that it too may have an interest in the property.

Opp. to Mot. Dismiss Ex. A ("State Court Foreclosure Decision") at 3, ECF No. 46-1. After considering each of these arguments, the court explained that "the burden is on the defendant not simply to raise questions but to proffer actual evidence justifying the challenge to the authority of the plaintiff to pursue a foreclosure[.]" *Id.* at 10. The court concluded that "the defendant has identified numerous possible issues, but has submitted no competent evidence relating to any bona fide jurisdictional issue, and especially any issue that needs to be considered in this post-judgment context." *Id.* at 11–12. This Court therefore need not address Ms. Partch's arguments

8

that CitiMortgage has no standing to assert this action because the loan was not properly assigned, which would preclude foreclosure, because the State Court Foreclosure Action already considered and rejected these arguments.

The Court therefore finds that (1) Ms. Partch's claimed rescission of a loan made by CitiMortgage is untimely and invalid under the Truth and Lending Act; and (2) the recordation of that purported rescission in the land records of the city of Norwalk, Connecticut is void and of no force and effect. As a result, to the extent necessary and to address any confusion caused by Ms. Partch's recordation on the land records, consistent with this order, CitiMortgage may record a copy of this Court's judgment on the Land Records.

## IV.   CONCLUSION

For the foregoing reasons, CitiMortgage's motion for summary judgment is **GRANTED**.

Because the Court has granted CitiMortgage's motion for summary judgment, Ms. Partch's motion to dismiss and her motion for joinder are found moot.

The Clerk of the Court is directed to close this case.

SO ORDERED at Bridgeport, Connecticut, this 31st day of August, 2018.

    /s/ Victor A. Bolden  
Victor A. Bolden  
United States District Judge